JUSTICE REINHARD, dissenting: The majority appears to reason that they need not determine whether plaintiff stated a cause of action for retaliatory discharge and “the public policy issue it raises” because the case was decided on a directed verdict for defendant. Instead, they perceive the only question is that of the sufficiency of the evidence. In that posture, they conclude that there is evidence to support “the allegations in her complaint” and conclude there is a factual dispute which the jury is best equipped to consider. However, upon a motion for directed verdict, the sufficiency of the evidence is reviewed in the context of whether it proves a cause of action which would support a verdict. It has been defendant’s position throughout the trial, and on appeal, that plaintiff failed to plead and prove a cause of action. While the sufficiency of the allegations of plaintiff’s complaint is not at issue on appeal since the trial court did not dismiss her complaint, whether the facts adduced support a cause of action based upon the tort of retaliatory discharge, as examined under the Pedrick standard, is certainly before us and requires analysis of the scope of the cause of action for a retaliatory discharge. In Kelsay v. Motorola, Inc. (1978), 74 Ill. 2d 172, 384 N.E.2d 353, our supreme court recognized that a cause of action for retaliatory discharge existed and was proved under facts which showed that an employer expressly discharged an employee for the reason that she exercised her rights under the Workers’ Compensation Act. The court reasoned that the Act “provides for efficient remedies for and protection of employees and, as such, promotes the general welfare of this State. Consequently, its enactment by the legislature was in furtherance of sound public policy.” (74 Ill. 2d 172, 181, 384 N.E.2d 353.) The court in Palmateer v. International Havester Co. (1981), 85 Ill. 2d 124, 421 N.E.2d 876, held that the tort of retaliatory discharge exists where the employer discharges the employee in retaliation for the employee’s activities, and that the discharge is in contravention of a clearly mandated public policy. (85 Ill. 2d 124, 134, 421 N.E.2d 876.) There, it was alleged in the complaint that an employee was fired both for supplying information to local law enforcement authorities that another employee of the employer might be involved in a violation of the Criminal Code of 1961 and for agreeing to assist in the investigation and trial of the employee if requested. I have doubts that “retaliation” is involved here since the workers’ compensation claim was filed while plaintiff was an employee of a previous employer and she was not discharged for an activity performed while in the employ of defendant. Nonetheless, I would concede that the right of an employer to terminate an employee under the generally accepted at-will employment rule is subject to exception when such termination is in contravention of a clearly mandated public policy. If, for example, an employee could prove that his employer had a fixed policy to terminate any employee who it learned had previously filed a workers’ compensation claim and exercised rights under the Workers’ Compensation Act, a cause of action for wrongful discharge should lie if such an employee were terminated solely for making a prior claim. Here, I believe, the facts fall far short of that situation, and the trial court correctly granted defendant’s motion for a directed verdict. The evidence, taken in its aspect most favorable to plaintiff, included her testimony that she was told she was terminated for having filed a workers’ compensation claim. The evidence also showed that defendant’s personnel manager had called plaintiff’s previous employer and asked if plaintiff had filed a workers’ compensation claim while in its employ. The context in which this information was sought and disclosed to defendant was clearly related to the legitimate right of an employer to inquire into the past health and physical condition of its employee. Here, the. proofs showed that plaintiff was just hired, that she had indicated no serious illness or injury in the past five years and that she had stated on her application that she had not previously received compensation for injuries. The evidence also showed that the defendant had been subsequently informed by another employee that the plaintiff had been injured at work in her previous job. The defendant contacted plaintiff’s two prior employers. Her immediate, prior employer, Federal-Huber, related that plaintiff hurt her neck “playing around” on April 16, 1980, and did not return to work prior to her layoff on July 11, 1980. It was also learned that she had filed a workers’ compensation claim. Her employer before that informed defendant that she had several lengthy medical leaves, one for a nervous condition. Only after this information was learned did defendant suspend, and later discharge, plaintiff. Thus, considering the entire testimony in the record, which the majority opinion fails to set out in any detail, but instead relies essentially on two bits of evidence in isolation from its relationship to all the other evidence, it is clear under the evidence that defendant’s inquiries and its later termination of plaintiff were related to her prior condition of health. There is simply no evidence that plaintiff’s termination was motivated by any policy of defendant’s to terminate her based upon her previous exercise of her rights under the Workers’ Compensation Act. This case illustrates the extent to which an employer can be compelled to defend a suit under facts which, I believe, fully justify the employer’s prerogative to discharge an employee. I would affirm.